## Use of Natural Resources by State Institutions

MARGIOTTI, Attorney General, November 5, 1936.— We have your communication of September 17th, wherein you state in part that:

"Deposits of fire and red brick clay on land owned by the Commonwealth and occupied by the Torrance State Hospital have in the past been utilized in the manufacture of brick and tile."

You also state that "standing timber on the land occupied by the institution is being cut and used in connection with building operations carried on at the institution."

It appears further that:

"The work necessary and incident to the utilization of resources on land belonging to institutions of this class

furnishes employment to inmates which is claimed to be desirable to the inmate from the standpoint of its therapeutic and rehabilitative value."

In general, your inquiry is designed to ascertain if the board of trustees of a State institution has authority to make use of the natural resources from property of the Commonwealth administered by such board, for the purposes set forth in your communication.

In Opinions of the Attorney General, 1927-28, pp. 188, 189, it was held, on July 6, 1928, that:

"Trustees of State institutions do not have any power without express legislative authority to deplete the natural resources of land owned by the Commonwealth and occupied by a State institution".

However, that opinion was rendered prior to the enactment of The Administrative Code of April 9, 1929, P. L. 177. In section 511 thereof it is provided, in part:

"Sale of Surplus Products.—All departments, boards and commissions may sell, for the best price obtainable, but not less than the current market price for similar products, any surplus products of the soil, meats, live stock, timber, or other materials, raised or grown upon or taken from property of the Commonwealth administered by such departments, boards, or commissions, respectively.

"As used in this section, 'surplus' shall mean products, meats, live stock, timber, or other materials, which cannot conveniently and economically be used in connection with the proper maintenance of the institution, park, or other property, administered by the department, board, or commission involved, but under no circumstances shall *live trees be cut for sale* unless and until the Department of Forests and Waters has approved the cutting of such trees, *and no sales shall be made* under this section by any departmental administrative board or commission without the approval of the department with which such board or commission is connected." (Italics ours.)

It is obvious that under this section there is ample authority for the board of trustees to use the materials mentioned for the purposes of repairing or improving the buildings in connection with the institution. The section specifically states that all " 'surplus' . . . which cannot conveniently and economically be used in connection with the proper maintenance of the institution" may be sold. Therefore, it follows that the legislature has given authority to use materials in and about the institution.

The standing timber on the land occupied by the institution may be cut without the consent of the Department of Forests and Waters, since section 511, supra, merely provides for such consent when the trees are alive and are to be sold. In no way can it be held that property belonging to the Commonwealth and the natural resources of mines and forests on State lands could not be used either in the operation or development of the State institution involved, or any other State institution.

We are of the opinion, and you are therefore advised, that under section 511 of The Administrative Code institutions may use the natural resources of the lands over which their boards of trustees have control for the purposes of proper maintenance of the institution.

From Frederic Ray, Harrisburg.